**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 12 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CEZAR CARVAJAL, | No. 14-55914 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-02319-GPC-MDD |
| v. | |
| PRIDE INDUSTRIES INC. and DOES, 1-10, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Argued and Submitted May 4, 2016
Pasadena, California

Before: FISHER, M. SMITH, and NGUYEN, Circuit Judges.

Cezar Carvajal sued his former employer, Pride Industries, Inc., alleging that

Pride Industries failed to accommodate his knee injury and fired him in retaliation

for exercising his rights under the Americans with Disabilities Act (ADA). The

jury returned a verdict in favor of Pride Industries and, following a bench trial, the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

district court also found in favor of Pride Industries on the equitable claim for retaliation. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

1. The district court did not abuse its discretion by formulating instructions that asked the jury to consider the major life activities of both "working" and "manual tasks." A "disability" under the ADA is defined as a "physical or mental impairment that substantially limits *one or more* major life activities[.]" 42 U.S.C. § 12102 (emphasis added). Here, the district court reasonably decided that both instructions were necessary to avoid jury confusion, given Carvajal's theory at trial and the conflicting evidence regarding the extent of his work on ladders.[1] Moreover, the verdict form made clear that Carvajal could meet his burden by establishing a substantial limitation in *either* "working" *or* his ability to perform "manual tasks" alone. *See Hovey v. Ayers*, 458 F.3d 892, 913 (9th Cir. 2006) (in the absence of specific evidence to the contrary, the court "presume[s] that juries follow their instructions.").

2. The district court did not abuse its discretion by excluding an investigative report from the Department of Labor Office of Federal Contract Compliance

---

[1] The parties agree that the 2008 ADA amendments – which became effective after Carvajal's employment with Pride ended – do not apply to this case.

Programs or the testimony of two employees responsible for preparing the report. The report's findings embraced many of the same ultimate issues that the jury was asked to decide at trial, and the district court permissibly concluded that the report was "overly prejudicial" and "basically takes away the jury's role as fact finders." *See* Fed. R. Evid. 403; *Gilchrist v. Jim Slemons Imports, Inc.*, 803 F.2d 1488, 1500 (9th Cir. 1986) ("The probative value of a letter of violation may not, in every case, outweigh the potential for prejudice."). For the same reason, the district court did not abuse its discretion by excluding related testimony from the report's authors, or by refusing to allow Carvajal to back-door the report's findings into evidence through cross-examination of other witnesses.

3. The district court did not abuse its discretion by excluding testimony from Raquel Vazquez, a Pride Industries supervisor, regarding another manager's purported refusal to provide reasonable breaks or his alleged verbal abuse of employees. Carvajal does not dispute that another former co-worker already offered overlapping testimony on the same issues, and trial courts have considerable latitude to exclude cumulative evidence. *See, e.g.*, *United States v. Hearst*, 563 F.2d 1331, 1349 (9th Cir. 1977) (citing *Hamling v. United States*, 418 U.S. 87, 127 (1974)).

3

4. Finally, because there was no instructional error, the jury's factual findings did not lead to a Seventh Amendment violation during the bench trial on Carvajal's equitable claim for retaliation. *Cf. Miller v. Fairchild Indus., Inc.*, 885 F.2d 498, 507 (9th Cir. 1989).

**AFFIRMED.**